## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| S.B.<br><br>    **Plaintiff,**<br><br>v.<br><br>**MECHANICSVILLE APARTMENTS PHASE 4, L.P.**<br><br>and<br><br>**COLUMBIA RESIDENTIAL, LLC;**<br><br>and<br><br>**HOUSING AUTHORITY OF THE CITY OF ATLANTA,**<br><br>    **Defendants.** | **Civil Action No. 1:18-cv-03236-TWT** |

## PLAINTIFF'S BRIEF IN SUPPORT OF APPLICATION FOR REASONABLE COSTS

Plaintiff S.B. files this Brief in Support of her Application for Reasonable Costs.

### *Background*

On December, 21, 2018, Plaintiff filed her Motion to Compel after Columbia Residential failed to meet its obligation to respond to discovery requests

relevant to Plaintiff's claims and Defendants' defenses. Plaintiff served her requests on September 7, 2018. At the time of the hearing, six months later, Defendant Columbia Residential still had not completed its production of admittedly relevant documents.

Defendant served written responses timely on October 5, 2018, but did not provide documents that it acknowledged were relevant and that it said it would produce. This initial withholding of documents necessitated multiple phone calls and a letter chronicling the Defendant's failure to produce documents. Defendant produced some responsive documents nearly two months after the initial deadline to respond to discovery. That production was incomplete, even according to Defendant's written responses.

Plaintiff's counsel again called and sent a second letter to Defendant's counsel identifying the documents promised, but not produced, and contesting Defendant's objections to producing other documents. This yielded no response on Defendant's part to produce the documents identified as relevant by Defendant or to engage in negotiations with Plaintiff on its objections.

Defendant's lack of response coupled with Plaintiff's obligation to complete discovery, required that Plaintiff file a motion to compel. After Plaintiff filed the motion to compel and granted Defendant an extension to respond, Defendant

produced additional documents which, in October, it had agreed to produce and provided basic information about potential witnesses and insurance coverage that it had ignored in Plaintiff's counsel's letters. Defendant's amended responses further agreed to produce additional responsive documents, but those documents were not provided with the amended discovery. For this reason, Plaintiff sought an extension of her time to file a reply brief. Defendants again waited until after Plaintiff filed her reply brief to provide additional responsive documents.

Throughout, Plaintiff has attempted to resolve these issues with Defendant's counsel. Defendant's passive obstruction of the discovery process has required more time than normal to prepare and draft pleadings because of the number of requests to which Defendant would not provide responsive documents.

Plaintiff's attached billing records recount the time outlined above. In its order on Plaintiff's motion to compel, the Court awarded Plaintiff her reasonable expenses.

### *The Requested Fees*

Plaintiff asks for reimbursement of the time spent pursuing the discovery after Defendant's initial deadline to respond, drafting and filing the Motion to Compel and Reply briefs, and preparing for the Motion to Compel hearing. This time is reasonable given the number of requests and complexity of the litigation.

*See e.g. Steifel Labs., Inc. v. Brookstone Pharm., L.L.C.*, 1:08-CV-3773-CAP, 2011 WL 13136939, at *3 (N.D. Ga. Oct. 17, 2011)(awarding $16,851.18 in attorney's fees and costs pursuant to a motion to compel); *and see also Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (discussing factors to consider when determining reasonable attorney's fees award). Plaintiff requests that the Court award $10,087.50 as reasonable attorney's fees, as set out below.

A. <u>Reasonable Hourly Rate.</u>

Plaintiff seeks to recover attorney fees for Wingo Smith at a reduced hourly rate of $375.00. Reasonable rates for non-profit counsel, such as legal services practitioners, are determined by the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Mr. Smith is an experienced attorney who has litigated for ten years. (Declaration of Wingo Smith, ¶2 (attached as Exhibit A).) The hourly rate for an attorney with his level of experience is $450 per hour. *Id.* at ¶3. The requested hourly rate for Mr. Smith is a reasonable reduction of that rate considering the nature of the pleadings involved.

B. <u>Reasonable Hours Expended.</u>

Plaintiff's counsel maintained detailed, contemporaneous billing records. (Smith Decl., ¶4; see also Billing Records for Counsel, attached here as Exhibit B.) The total amount of time expended by Plaintiff's attorneys on the Motion to

Compel was over 45 hours. (Smith Decl., ¶5.) However, Plaintiff only requests fees for 26.9 hours of time. (*Id*. at 6.) Mr. Smith's declaration and billing records demonstrate that the time expended was reasonable and necessary to pursuing unanswered discovery in this case. Mr. Smith's 26.9 hours multiplied by a rate of $375 per hour equals $10,087.50 in reasonable attorney's fees.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff hereby requests $10,087.50 in reasonable attorney's fees.

Submitted this the 1st day of April, 2019.

*/s/ **Wingo F. Smith***
Charles R. Bliss
GA Bar No. 063385
crbliss@atlantalegalaid.org
Anne E. Carder
GA Bar No. 094686
aecarder@atlantalegalaid.org

**ATLANTA LEGAL AID SOCIETY**
54 Ellis St., NE                           Miriam Gutman
Atlanta, GA 30312                          GA Bar No. 170768
Tel. (404) 614-3982                        mgutman@atlantalegalaid.org
Fax (404) 614-3997                         Wingo F. Smith
                                           GA Bar No. 147896
*Counsel for Plaintiff S.B.*               wfsmith@atlantalegalaid.org